United States Court of Appeals
Fifth Circuit

**F I L E D**

June 27, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-41388
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARTURO GOMEZ, III,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:06-CR-295-ALL
--------------------

Before REAVLEY, BENAVIDES and PRADO, Circuit Judges.

PER CURIAM:[*]

Arturo Gomez, III, appeals the sentence imposed following
his guilty-plea conviction for possession of a firearm by a
convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and
924(a)(2).  He challenges the district court's upward adjustment
of his criminal history category from II to IV, the alleged
failure of the district court to consider the intermediate
criminal history category of III, and the sufficiency of the
written reasons given by the district court for the departure.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In imposing the criminal-history-category upward departure, the district court considered Gomez's criminal conduct not counted under the Guidelines, his likelihood of recidivism, his abuse of alcohol, and his disrespect for the law. The district court did not abuse its discretion in deciding to depart upward. Its reasons for doing so advanced the objectives set forth in 18 U.S.C. § 3553(a)(2), were authorized by § 3553(b), and were justified by the facts of the case. See United States v. Saldana, 427 F.3d 298, 310 (5th Cir.), cert. denied, 126 S. Ct. 1097 (2006). Moreover, the district court explained in detail, both orally and in its written reasons for judgment, why it was imposing the sentence. See United States v. Smith, 440 F.3d 704, 708 (5th Cir. 2006); United States v. Zuniga-Peralta, 442 F.3d 345, 347-49 (5th Cir.), cert. denied, 126 S. Ct. 2954 (2006).

Gomez challenges the extent of the district court's upward departure because the district court allegedly failed to consider the intermediate criminal history category of III. Because Gomez raises this argument for the first time on appeal, it will be reviewed for plain error only. See United States v. Olano, 507 U.S. 725, 732-34 (1993). Because the district court explicitly rejected the intermediate criminal history category and because the district court's reasons for rejecting that category are apparent from the record, there is no plain error. See Zuniga-Peralta, 442 F.3d at 348 n.2.

AFFIRMED.